RITTER (COURCIER v.). See Case No. 3,-282.

## Case No. 11,866.

### RITTER et al. v. SERRELL et al.

[2 Blatchf. 379.] [1]

Circuit Court, S. D. New York. May 24, 1852.

PATENTS—TERRITORIAL GRANT—LIMITATIONS—
SUBSEQUENT GRANT.

Where W. granted to V. an exclusive right to construct and use and vend to others to con-

---

struct and use ten planing, tongueing and grooving machines under the Woodworth patent within a particular territory, and the grant declared that V. was to enjoy an exclusive use of the patent within the territory, limited to said ten machines: *Held,* that the entire interest in the patent for that territory was thereby vested in V., and that a subsequent grant by W. to R. of the exclusive right under the patent, for the same territory, to make, use and vend moulding planing machines, was void.

[This was a bill in equity by Joseph Ritter and William C. Kneeland against Alfred T. Serrell and others.] Heard on a motion for a provisional injunction, founded upon a bill and affidavits. The plaintiffs claimed, under letters patent granted to William Woodworth, December 27th, 1828, as re-issued to William W. Woodworth, administrator of William Woodworth, July 8th, 1845 [No. 71], for "a new and useful improvement in machines for planing, tongueing and grooving and dressing boards," &c., and extended, by act of congress passed February 26th, 1845 (6 Stat. 936), for seven years from December 27th, 1849, the exclusive right, by conveyance through one James G. Wilson, of making, using and vending moulding machines within the city and county of New-York and the county of Kings. The facts are stated in the opinion of the court.

Charles M. Keller and William Mootry, for plaintiffs.

Edwin W. Stoughton and George G. Sickles, for defendants.

BETTS, District Judge. For the purposes of this motion, it is to be assumed that the entire right and title to Woodworth's patent was vested in James G. Wilson, subject to such grants and licenses as had been before made by him. On the 18th of December, 1851, he assigned to the plaintiffs, for the unexpired balance of the term of the patent, the full and exclusive right, liberty and privilege under the patent, of making, using and vending moulding planing machines, in any and all of the forms covered by the patent, within the city and county of New-York and the county of Kings. The bill charges that the defendants have infringed the patent by using and vending three or more planing machines for the planing or cutting of mouldings in the city and county of New-York and county of Kings, in all material respects the same in principle and mode of operation as Woodworth's patent machine, and prays that they may be decreed to account for and pay over the income thus unlawfully derived from the violation of the rights of the plaintiffs, and be restrained from any further violation of said rights.

In deducing their title, the plaintiffs show an assignment or license from Wilson to one Van Hook, dated April 2d, 1846, granting and giving to the latter the full consent, permission and license of the former "to construct and use and vend to others to construct and use (during the term of said patent) ten planing, tongueing and grooving machines, upon the principles and description of the renewed patent and amended specification, upon condition that said Van Hook, his heirs and assigns, shall use due diligence in prosecuting to final judgment all persons who may, at any time from the date hereof and until the 27th day of December, 1856, infringe upon said patent;" and Wilson covenanted that no other than such ten machines licensed to Van Hook "shall, in any manner or on any pretence, be licensed or authorized by said Wilson, or the patentee, or other person deriving title under them or either of them, or be constructed, maintained, used or kept for use in that part of the city of New York lying west of Broadway, on a parallel line with it until the line reach the Harlem river." And the instrument declares as follows: "It is the effect of this covenant, that said Van Hook shall enjoy, during said extended term, an exclusive use to the said patent within the said territory," limited to said ten machines, reserving to Wilson the right to prosecute for all infringements of the patent within that territory, and all damages recovered therefor; and the said Wilson also stipulating to prosecute, on reasonable notice, at his own expense, all suits and actions for such infringements.

The plaintiffs in this case rest their right upon the assumption, that there remained in Wilson, after the license or assignment to Van Hook, a right under the patent to a moulding planing machine, which was separable from and not embraced within the grant of planing, tongueing and grooving machines made to Van Hook.

The original patent to William Woodworth, dated December 27th, 1828, was for "a new and useful improvement in the method of planing, tongueing, grooving and cutting into mouldings, or either, planks, boards," &c. The claim appended to the specification was, "the improvement and application of cutter or planing-wheels to planing boards, plank, timber or other material; also his improved method of cutters, for grooving and tongueing and cutting mouldings on wood," &c.

The patent was surrendered and re-issued, on an amended specification, July 8th, 1845. The recital in the amended patent, and the grant in conformity with it, do not correspond exactly with the original patent, as no mention is made of cutting mouldings. But, even though the re-issued patent be considered as operating to the entire extent of the original patent, and as embodying all that is contained in that grant, yet there is no mention, in the specification or claim, of any improvement or invention in respect to machines for planing or cutting mouldings. The schedule only assumes to describe "the method of planing, tongueing and grooving plank or boards," and the summary or claim makes no mention of planing or cutting mouldings as a distinct branch or feature of the discovery. This

would seem to import that,° if the patent secures that operation to the patentee, it does so because it is included within the description of planing. grooving, &c.

The court is not now called upon to consider the construction of the patent in that respect, and the topic is alluded to only to mark more specifically the reason for the interpretation put upon the assignment or license to Van Hook.

Whether the contract of Wilson with Van Hook is regarded as an assignment technically for a particular territory, or only as a lease or license, its effect is to part with the entire interest of Wilson in the discovery patented and vest it in Van Hook. And this the parties manifestly intended in the stipulation that Van Hook should "enjoy an exclusive use to the said patent within the said territory," limited to the prescribed number of machines. Without this full possession of territorial right, or one conjointly with Wilson, Van Hook would have at law no capacity to sue for any infringement of the patent within that district. Curt. Pat. §§ 258–260.

Whether the reservation by Wilson of a right to prosecute for infringements and to receive all damages recovered therefor, constitutes the grant a joint one for that purpose, or be inoperative and void, is of no moment in the consideration of the extent of right imparted to Van Hook. That is made coequal with the right of the patentee in respect to the particular district and the number of machines specified, because the grantee, assignee or licensee is clothed with authority to construct and use and vend to be used such machines, and also to license their use in that territory. This being the whole power of the patentee in respect to the subject-matter, nothing remained in Wilson, after that grant, which could be conveyed to the present plaintiffs. The moulding planing machines licensed or assigned to them, were to be used in the territory assigned to Van Hook, and a prior grant of the same thing being then subsisting, that to the plaintiffs was without authority and void.

I do not pass upon the question whether the patented discovery, if it includes a right to a "moulding planing machine," is partible in its nature, so as to enable the patentee to make separate grants of the various particulars included in it, because the plaintiffs, upon their own evidence, show that the right they set up was derived from a party who had no interest in the subject granted. The plaintiffs, therefore, cannot make title in this case without a conveyance from Van Hook. Motion denied.

[For other cases involving this patent, see note to Bicknell v. Todd, Case No. 1,389.]